FErnest D. Buff & Associates, L.L.C.
231 Somerville Road
Bedminster, NJ 07921
Tel: (908) 901 – 0220
Fax: (908) 901 – 0330

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Cynthia Lakhansingh,<br><br>                        Plaintiff,<br><br><br>              - against -<br><br>Creative Labs, Inc.,<br><br>                        Defendant. | CASE NO.: _____<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Cynthia Lakhansingh files this Complaint against Defendant Creative Labs, Inc.,

and alleges as follows:

## PARTIES

1.     Cynthia Lakhansingh is a resident of the State of New Jersey, residing at 2459

North Third Street, Union, New Jersey 07083.

2.     Defendant Creative Labs, Inc., on information and belief, is a wholly owned

subsidiary of Creative Technology Ltd., having its principal place of business at 1901 McCarthy

Boulevard, Milpitas, CA 95035. (Defendant herein referred to as "Creative").

1

3.      Creative, on information and belief, conducts business in this judicial district and has committed the acts complained of herein in this judicial district.

## JURISDICTION AND VENUE

4.      This is a civil action for patent infringement and arises under, among other things, the United States Patent Laws, 35 U.S.C. §§1 *et seq*.   Jurisdiction is therefore based upon 28 U.S.C. §§ 1331 and 1338(a), providing for federal question jurisdiction of patent infringement actions and exclusive jurisdiction of patent infringement actions in the U.S. District Courts.

5.      This Court has jurisdiction under 28 U.S.C. § 1332, in that there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds the sum or balance of $75,000, exclusive of interest and costs.

6.      This Court has supplemental jurisdiction over the state law claims of this complaint pursuant to 28 U.S.C. § 1367(a).

7.      Personal jurisdiction over Creative is proper under at least the New Jersey long-arm statute, N.J.R. 4:4-4. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b). For example, on information and belief, Creative and / or its partners and / distributers have advertised, demonstrated, offered for sale, and/or sold products in this district and elsewhere, including, but not limited to, products that infringe the patent-in-suit.

8.      Creative is actively engage in promoting, advertising, marketing, or offering their services and / or doing business within this judicial district, and otherwise have sufficient contacts with this district to confer jurisdiction to this Court.

## **BACKGROUND**

9.      Plaintiff specializes in research, development and innovation of intellectual property.  Through its innovation Plaintiff owns a number of patents and / or patent applications.  Plaintiff markets its products and technology by manufacturing, and / or licensing or selling the patent rights to its products and technologies to name brand marketers and major retailers.  Innovative products of Plaintiff include portable entertainment devices for writing onto a compact disk and other permanent storage medium. Plaintiff's business includes discovery, research, development, manufacture, engineering, and sale of its innovative portable entertainment devices.

10.      Included in Plaintiff's intellectual property portfolio are patents directed to portable entertainment devices. Among these patents is United States Patent No. 7,072,569 ("'569 Patent") issued on July 4, 2006 entitled "*Portable Entertainment Device*". A copy of the '569 Patent is attached hereto as Exhibit A.  The '569 Patent was filed on March 19, 2001 and is wholly owned by Cynthia Lakhansingh, the sole inventor.

11.      Plaintiff is the inventor and owner of the full right, title, and interest in the '569 Patent.

12.      Pursuant to 35 U.S.C. § 282, each of the claims of the '569 Patent are presumed valid.

13.      Plaintiff's portable entertainment devices claimed by the '569 Patent are configured to provide for writing onto a compact disk and other permanent storage medium. A

touch sense screen is used to display and select menu graphics choices such as to listen to the radio or a CD, save selections, etc. The apparatus provides a display of all selections stored in its memory so that one may choose favorite music selections and their order of play, play a video game and a DVD movie.

14.     Innovatively, Plaintiff's portable entertainment device, as defined by the claims of the '569 Patent, is constructed having a means for receiving electromagnetic wave energy signals and for converting the signals into digital data signals, such as a common AM/FM radio receiver with an audio signal to digital signal converting circuit, as is well known in the art. The device contains a digital reading and writing means for reading and writing on a compact disk and for digitally reading a video game disk, and a DVD movie disk. The means is of any well known design which is currently commercially available in the consumer electronics field. The device contains a means for displaying and selecting video information using menu graphics, such as a cathode ray tube, thin film transistor or a liquid crystal display with a touch sense screen of any well known type. The device contains a means for producing an audio output, such as an amplifier and a pair of stereo loudspeakers. The device further contains means for storing digital data present on the compact disk, the video game disk 18 and the DVD movie. This means is a magnetic domain storage hard drive or read-write compact disk read and write memory device or other memory device.

15.     According to its Web Site, Creative designs and manufacturers portable entertainment device that are sold, imported and / or offered for sale in the United States. See Exhibits B-D.

16.     Creative manufactures, uses, offers for sale, imports and/or sells portable

entertainment devices designated as a line of portable entertainment devices in the United States associated with the trade mark "*ZEN*". These Zen players of Creative include: Zen Touch 2, Zen X-Fi3, Zen Style M300, and Zen Style M100.  *See* Exhibit B. These devices are also offered for sale by Creative through third party web sites, including Amazon. *See* Exhibit C. (Hereinafter, these players are collectivley referred to as the "Zen player line").

17.     Creative manufactures, uses, offers for sale, imports and/or sells portable entertainment devices designated as a line of portable entertainment devices in the United States associated with the trade mark "*MuVo*". *See* Exhibit D. These MuVo players of Creative include the MuVo² player line.  Collectively, the MuVo² player line and the Zen player line of portable entertainment devices are hereinafter referred to as "'Creative's Infringing Portable Entertainment Devices".

18.     'Creative's Infringing Portable Entertainment Devices (the Zen player line and the MuVo² player line) embody the portable entertainment device claimed by the '569 Patent.

19.     'Creative's Infringing Portable Entertainment Devices are distributed and sold throughout the United States generally, including in the District of New Jersey.

20.     'Creative's Infringing Portable Entertainment Devices have no substantial use apart from use with a computer for operating software and directing storage on a permanent storage medium for playback with 'Creative's Infringing Portable Entertainment Devices.

21.     'Creative's Infringing Portable Entertainment Devices have been sold and / or offered for sale throughout the United States, including on the World Wide Web found at http://us.creative.com,                      http://www.amazon.com/s/ref=nb_sb_noss?url=search-alias%3Daps&field-keywords=muvo+and+creative,                                                    and

http://www.amazon.com/s/ref=nb_sb_noss?url=search-alias%3Daps&field-

keywords=zen+and+creative&rh=i%3Aaps%2Ck%3Azen+and+creative.   RE See Exhibits B –

D.

22.     On February 3, 2015, Creative was notified by Plaintiff of the '569 Patent and that
'Creative's Infringing Portable Entertainment Devices read on and thereby infringe one or more
claims of the '569 Patent. See Exhibit E: Letter to Creative Technology Ltd and Creative Labs
Inc.


**COUNT I**
**DIRECT INFRINGEMENT OF THE '569 PATENT**

23.     Plaintiff realleges and incorporates into this section the preceding paragraphs of
this Complaint.

24.     On information and belief, Creative, without authority, has directly infringed and
continues to directly infringe, under 35 U.S.C. § 271(a), the '569 Patent at least by making,
importing, selling, offering for sale and/or using within the United States 'Creative's Infringing
Portable Entertainment Devices.

25.     Creative has profited and continue to profit from its making, importing, selling,
offering for sale and/or use of 'Creative's Infringing Portable Entertainment Devices.

26.     On information and belief, Creative's infringement of the '569 Patent has been
and continues to be willful, wanton, and deliberate.

27.     Plaintiff has been and continues to be damaged and irreparably harmed by

Creative's infringement of the '569 Patent.


## COUNT II
## INDUCING INFRINGEMENT OF THE '569 PATENT

28.     Plaintiff realleges and incorporates into this section the preceding paragraphs of this Complaint.

29.     On information and belief, Creative, without authority, has knowingly induced and continues to knowingly induce infringement by others, its Customers, John Does #1-n (hereinafter, "Creatives Customers"; or "its Customers"), under 35 U.S.C. § 271(b), by intentionally causing its Customers to directly infringe the '569 Patent and by intentionally instructing its Customers how to use 'Creative's Infringing Portable Entertainment Devices.

30.     Creative, without authority, imports, uses, offers for sale and sells 'Creative's Infringing Portable Entertainment Devices for use with a computer, or laptop, for operating software and directing storage on storage medium within 'Creative's Infringing Portable Entertainment Devices by Creative's Customers, John Does #1-n.

31.     Creative's Customers, John Does #1-n, without authority, use 'Creative's Infringing Portable Entertainment Devices with a computer, or laptop, for operating software and directing storage on storage medium within 'Creative's Infringing Portable Entertainment Devices, directly infringing the '569 Patent.

32.     In promotional materials for 'Creative's Infringing Portable Entertainment Devices, Defendant Creative's "*Product Description*" in Exhibit D directs its Customers to use 'Creative's Infringing Portable Entertainment Devices with a computer, or laptop, for operating

software and directing storage on storage medium within 'Creative's Infringing Portable Entertainment Devices. Defendant Creative's "*Product Description*" in Exhibit D sets forth, in part, as follows: "*The Creative NOMAD® MuVo² combines cutting-edge 1" hard disk drive storage, high-speed USB 2.0 and superb sound quality in a remarkably compact, easy to use package... Transfering files to and from the MuVo² is as simple as dragging and dropping files within Windows Explorer. Or use Creative's easy to use and comprehensive Mediasource™ software to rip your CDs to MP2 or WMA, create playlists and transfer them to your MuVo². Super fast USB 2.0 Transfer a song a second with super fast USB 2.0. Load your music collection in a matter of minutes. Compatible with USB 1.1. Music management software...*" See Re Exhibit D.

33.     Defendant Creative knew that 'Creative's Infringing Portable Entertainment Devices are especially made and for use with a computer, or laptop, for operating software and directing storage on storage medium within 'Creative's Infringing Portable Entertainment Devices for moving media from CD, DVD, radio or other venues through the computer for storage on 'Creative's Infringing Portable Entertainment Devices.  Defendant Creative knew that 'Creative's Infringing Portable Entertainment Devices have no substantial use other than to be utilized in conjunction a computer, or laptop, for operating software and directing storage on storage medium within 'Creative's Infringing Portable Entertainment Devices for moving media from CD, DVD, radio or other venues through the computer for storage on 'Creative's Infringing Portable Entertainment Devices, thereby reading on the '569 Patent claims.

34.     Defendant Creative knowingly has induced and is inducing its Customers, John Does #1-n, to perform the direct infringement act of using 'Creative's Infringing Portable

Entertainment Devices in conjunction a computer, or laptop, for operating software and directing storage on storage medium within 'Creative's Infringing Portable Entertainment Devices for moving media from CD, DVD, radio or other venues through the computer for storage on 'Creative's Infringing Portable Entertainment Devices.

35.     Defendant Creative specifically intended its Customers, John Does #1-n, to perpetrate the induced acts of using 'Creative's Infringing Portable Entertainment Devices in conjunction a computer, or laptop, for operating software and directing storage on storage medium within 'Creative's Infringing Portable Entertainment Devices for moving media from CD, DVD, radio or other venues through the computer for storage on 'Creative's Infringing Portable Entertainment Devices to infringe the '569 Patent.

36.     As a result of Defendant Creative's inducement, its Customers, John Does #1-n, are directly infringing the '569 Patent.

37.     On information and belief, Creative, knew of the '569 Patent at least as early as the issue date of the '569 Patent, July 4, 2006.

38.     Defendant Creative was notified by way of the cease and desist letter dated February 3, 2015 of the '569 Patent and that 'Creative's Infringing Portable Entertainment Devices read on and thereby infringe one or more claims of the '569 Patent. Re See Exhibit E: Letter to Creative Technology Ltd and Creative Labs Inc. dated February 3, 2015.

39.     Defendant Creative knew that 'Creative's Infringing Portable Entertainment Devices were subject to the subject patent infringement action as to the '569 Patent at least as early as the cease and desist letter Notice and filing date of the original complaint in this matter, February 3, 2015.

40.     Creative had actual notice of infringement of the '569 Patent on or before the filing of the complaint in this matter. The filing of the complaint in this matter also constitutes notice to Creative of the '569 patent under 35 U.S.C. § 287.

41.     Despite this knowledge, Defendant Creative continued to offer for sale and sell 'Creative's Infringing Portable Entertainment Devices to its customers, John Does #1-n, knowing that its customers use 'Creative's Infringing Portable Entertainment Devices to directly infringe the '569 Patent.

42.     Defendant Creative specifically intended that its Customers, John Does #1-n, use 'Creative's Infringing Portable Entertainment Devices with computer devices to infringe the '569 Patent, knowing that its Customers, John Does #1-n, acts would constitute direct infringement of the '569 Patent.

43.     Creative has profited and continue to profit from its importing, selling, offering for sale and/or use of 'Creative's Infringing Portable Entertainment Devices.

44.     On information and belief, Creative's infringement of the '569 Patent has been and continues to be willful, wanton, and deliberate.

45.     Plaintiff has been and continues to be damaged and irreparably harmed by Creative's infringement of the '569 Patent.

**COUNT III**
**CONTRIBUTORY INFRINGEMENT OF THE '569 PATENT**

46. Plaintiff realleges and incorporates into this section the preceding paragraphs of this Complaint.

47. On information and belief, Creative, without authority, has contributorily infringed and continues to contributorily infringe the '569 Patent, under 35 U.S.C. § 271(c), by importing, using, selling and / or offering to sell to its Customers, John Does #1-n, within the United States, 'Creative's Infringing Portable Entertainment Devices.

48. The '569 Patent claims require a means for receiving electromagnetic wave energy signals and for converting the signals into digital data signals, such as a common AM/FM radio receiver with an audio signal to digital signal converting circuit, as is well known in the art. The device contains a digital reading and writing means for reading and writing on a compact disk and for digitally reading a video game disk, and a DVD movie disk. The means is of any well known design which is currently commercially available in the consumer electronics field. The device contains a means for displaying and selecting video information using menu graphics, such as a cathode ray tube, thin film transistor or a liquid crystal display with a touch sense screen of any well known type. The device contains a means for producing an audio output, such as an amplifier and a pair of stereo loudspeakers. The device further contains means for storing digital data present on the compact disk, the video game disk 18 and the DVD movie. This means is a magnetic domain storage hard drive or read-write compact disk read and write memory device or other memory device. These elements are material to the '569 Patent.

49. 'Creative's Infringing Portable Entertainment Devices are a means for receiving electromagnetic wave energy signals and for converting the signals into digital data signals, such as a common AM/FM radio receiver with an audio signal to digital signal converting circuit, as

is well known in the art. The device contains a digital reading and writing means for reading and writing on a compact disk and for digitally reading a video game disk, and a DVD movie disk. The means is of any well known design which is currently commercially available in the consumer electronics field. The device contains a means for displaying and selecting video information using menu graphics, such as a cathode ray tube, thin film transistor or a liquid crystal display with a touch sense screen of any well known type. The device contains a means for producing an audio output, such as an amplifier and a pair of stereo loudspeakers. The device further contains means for storing digital data present on the compact disk, the video game disk 18 and the DVD movie. This means is a magnetic domain storage hard drive or read-write compact disk read and write memory device or other memory device.

50.     'Creative's Infringing Portable Entertainment Devices embody the claimed structure of the '569 Patent.

51.     'Creative's Infringing Portable Entertainment Devices constitute a material part of the invention of the '569 Patent.

52.     Creative knew Creative's Infringing Portable Entertainment Devices are especially adapted for use in infringing the '569 Patent.

53.     'Creative's Infringing Portable Entertainment Devices are not staple articles of commerce suitable for substantial noninfringing use with respect to the '569 Patent.

54.     Creative had actual notice of infringement of the '569 Patent on or before the filing of the complaint in this matter. The filing of the complaint in this matter also constitutes notice to Creative of the '569 Patent under 35 U.S.C. § 287.

55.     Defendant Creative was notified by way of the cease and desist letter dated February 3, 2015 of the '569 Patent and that 'Creative's Infringing Portable Entertainment Devices read on and thereby infringe one or more claims of the '569 Patent. Re See Exhibit E: Letter to Creative Technology Ltd and Creative Labs Inc. dated February 3, 2015.

56.     Defendant Creative knew that 'Creative's Infringing Portable Entertainment Devices were subject to the subject patent infringement action as to the '569 Patent at least as early as the cease and desist letter Notice and filing date of the original complaint in this matter, February 3, 2015.

57.     Defendant Creative knew that 'Creative's Infringing Portable Entertainment Devices are especially adapted for use in infringing the '569 Patent, yet Defendant Creative continues to offer for sale and / or sell 'Creative's Infringing Portable Entertainment Devices.

58.     Defendant Creative knew its Customers, John Does 1-n, use 'Creative's Infringing Portable Entertainment Devices in conjunction a computer, or laptop, for operating software and directing storage on storage medium within 'Creative's Infringing Portable Entertainment Devices for moving media from CD, DVD, radio or other venues through the computer for storage on 'Creative's Infringing Portable Entertainment Devices to directly infringe the '569 Patent.

59.     Creative has profited and continue to profit from its importing, selling, offering for sale and/or use of 'Creative's Infringing Portable Entertainment Devices.

60.     On information and belief, Creative's infringement of the '569 Patent has been and continues to be willful, wanton, and deliberate.

61.    Plaintiff has been and continues to be damaged and irreparably harmed by Creative's infringement of the '569 Patent.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks this Court to enter judgment for Plaintiff and against Defendant and to grant Plaintiff the following relief:

(a) A judgment pursuant to 35 U.S.C. § 271 finding that Defendant have / is infringing the '569 Patent;

(b) An order pursuant to 35 U.S.C. § 283 preliminarily and permanently enjoining Defendant from infringing the '569 Patent;

(c) An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's infringement of the '569 Patent and an accounting to determine the proper amount of such damages;

(d) An award pursuant to 35 U.S.C. § 284 of costs and prejudgment and post judgment interest on Plaintiff's compensatory damages;

(e) An award pursuant to 35 U.S.C. § 285 of Plaintiff's attorneys' fees incurred in this action;

(f) An order directing the recall and destruction of any and all existing unsold infringing portable entertainment devices and products of Defendant that infringe the '569 Patent;

(g) Preliminary and permanent injunctive relief; and

(h) Any and all other relief that this Court deems appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.


Dated:  February 3, 2015                    Cynthia Lakhansingh
                                            By Counsel,




                                            _____
                                            Ernest D. Buff
                                            Ernest D. Buff & Associates, LLC
                                            231 Somerville Road
                                            Bedminster, NJ 07921
                                            EBuff@EDBuff.com
                                            Tel: (908) 901-0220
                                            Fax: (908) 901-0330
                                            *Counsel for Plaintiff*

15